# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

**BRIAN CROSSLEY,**

    **Plaintiff,**

v.                                                            Case No: 5:14-cv-117-Oc-22PRL

**ARMSTRONG HOMES, INC., A-PLUS
HOMES, INC., EXPERT AMERICAN
HOME SERVICES, LLC, SCOTT W.
ARMSTRONG and EXPERT
AMERICAN HOMES, LLC**

    **Defendants.**

## REPORT AND RECOMMENDATION[1]

Pending before the Court is Defendants' motion to dismiss based on insufficient service of process. (Doc. 14). Defendants move this Court to quash the service of process and dismiss Plaintiff's complaint for failure to adequately perfect service as required by Federal Rule of Civil Procedure 4. Plaintiff has *not* filed a response.

## I. BACKGROUND

Plaintiff filed a complaint alleging breach of contract and unpaid wages against Defendants on February 20, 2014. (Doc. 1). Pursuant to Rule 4(m), Fed. R. Civ. P.,[2] which allows courts to

---

[1] Specific written objections may be filed in accordance with 28 U.S.C. § 636, and Rule 6.02, Local Rules, M.D. Fla., within fourteen (14) days after service of this report and recommendation. Failure to file timely objections shall bar the party from a *de novo* determination by a district judge and from attacking factual findings on appeal.

[2] Rule 4(m) provides: "If a defendant is not served within 120 days after the complaint is filed, the court— on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

extend time for service, the Court ordered Plaintiff to serve Defendants by May 18, 2014. (Doc. 9). Two months later, however, Plaintiff had failed to file return of service, and the Court directed Plaintiff to show cause why the case should not be dismissed for want of prosecution and failure to comply with the court order.[3] (Doc. 11).

In response, Plaintiff claimed that service of summons was delayed due to excusable neglect or inadvertence. (Doc. 12). Specifically, Plaintiff alleged that the process server incorrectly advised Plaintiff that the summons had to be served by an Elisor and had to obtain a court order to have them serve the summons. Plaintiff later learned that the process server's information was incorrect, and claims to have served Defendants on July 18, 2014.[4] To date, Plaintiff has not filed a return of service with the Court, as required by Rule 4(l)(1).[5] Defendants' motion to dismiss for insufficient service of process soon followed. (Doc. 14). Plaintiff did not file a response to Defendants' motion to dismiss.

---

[3] Plaintiff never requested that the Court extend its deadline to serve Defendants past May 18, 2014.
[4] Plaintiff's response states that the defendant was served on July 18, 2014. (Doc. 12, p. 2). Defendants' motion to dismiss, however, states that Defendants were served on July 21, 2014. (Doc. 14, p. 2). As Plaintiff failed to file returns of service with the Clerk's office, *see infra*, n. 5, it is unclear to the Court exactly what date Defendants were served.
    The Court also notes that Plaintiff filed the complaint on February 20, 2014. (Doc. 1). Under Rule 4(m), Plaintiff's 120-day deadline to serve Defendants was June 20, 2014. Plaintiff inexplicably, but successfully, moved the Court for an extension of the deadline to obtain and serve summons until May 18, 2014, days before its deadline under Rule 4(m). Regardless, Plaintiff served Defendants weeks after the deadline for service required under the Federal Rules of Civil Procedure.
[5] Rule 4(l)(1) provides: "Unless service is waived, proof of service must be made to the court." Fed. R. Civ. P. 4(l)(1). Plaintiff claimed that the process server would file an affidavit of service showing the defendant was served on July 18, 2014. (Doc. 12, p. 2). To the Court's knowledge, the process server never filed such an affidavit as to any of the Defendants.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 4(m) requires that a plaintiff serve a summons and complaint to all defendants within 120 days after the complaint is filed in court. Fed. R. Civ. P. 4(m). Failure to effect service within 120 days of the filing of the Complaint mandates dismissal of the Complaint. *Corning v. Lodgenet Interactive Inc.*, 3:08-CV-1171-J-32MCR, 2009 WL 3294837, at *1 (M.D. Fla. Oct. 13, 2009)

However, the plaintiff may request an extension of time for service of process upon a showing of good cause. *Id.* The plaintiff has the burden of demonstrating the existence of "good cause" justifying service outside of the 120-day deadline. *Id.* (citing *Sanders v. Fluor Daniel, Inc.*, 151 F.R.D. 138, 139 (M.D. Fla. 1993)); *Wilson v. Prudential Financial*, 332 F. Supp. 2d 83, 87 (D.D.C. 2004) ("[W]here the plaintiff fails to effect proper service within the 120-day time limit laid down by Rule 4(m), the plaintiff carries the burden of showing good cause for that failure").

To demonstrate good cause, the plaintiff must offer evidence that he (1) has proceeded in good faith; (2) has a reasonable basis for noncompliance, and (3) the basis for the delay was more than simple inadvertence or mistake. *Steinberg v. Barclay's Nominees (Branches) Ltd.*, 04-60897-CIV, 2008 WL 4500395 (S.D. Fla. Sept. 30, 2008); *Horenkamp v. Van Winkle and Co.*, 402 F.3d 1129, 1130-31 (11th Cir. 2005) (holding that mistake by plaintiff is not good cause under Rule 4(m)). "Good cause" under Rule 4(m) exists only when some outside factor such as reliance on faulty advice, rather than inadvertence or negligence, prevent service. *Lepone–Dempsey v. Carroll County Comm'rs,* 476 F.3d 1277, 1281 (11th Cir. 2007) (citing *Prisco v. Frank*, 929 F.2d 603, 604 (11th Cir. 1991); *Orta v. W. Gables Mgmt. Corp.*, 607-CV-571-ORL-31GJK, 2008 WL 398974 (M.D. Fla. Feb. 12, 2008).

If the court determines that good cause does not exist under Rule 4(m) to extend the time for service, the court then must consider whether it should dismiss the plaintiff's case or exercise its discretion to extend time for service. *Steinberg*, 2008 WL 4500395, at *3. Although the text of Rule 4(m) might suggest the contrary, Rule 4(m) allows the exercise of judicial discretion to extend the deadline for service, even in circumstances where the plaintiff has not shown good cause for noncompliance with the 120-day service requirement. *Id.* (citing *Horenkamp*, 402 F.3d at 1132-33 ("[t]hus, today we join our sister circuits and hold that Rule 4(m) grants discretion to the district court to extend the time for service of process even in the absence of a showing of good cause")).

The Eleventh Circuit has looked to the Advisory Committee Note to Rule 4(m) for guidance as to what factors may justify the granting of a discretionary extension. The Court may consider, among other factors, whether the statute of limitations would bar a refiling, whether unserved defendants have been evading service or concealing a defect in service, and how far beyond the 120–day period actual, effective service was accomplished. *Corning*, 2009 WL 3294837, at *3 (citing *Horenkamp*, 402 F.3d at 1132-33); Fed. R. Civ. P. 4(m), Advisory Comm. Note (2008).

**III. DISCUSSION**

In the instant case, Plaintiff has failed to demonstrate good cause for the untimely service of Defendants. Responding to the Court's order to show cause, Plaintiff admitted that service was delayed due to "inadvertence." (Doc. 12, p. 1). Plaintiff's argument that the process server advised Plaintiff's counsel that the summons had to be served by an Elisor and required a court order to serve the summons is unavailing and sounds more in negligence than faulty advice. *See Thompson v. U.S. Dep't of Homeland Sec.*, 134 F. App'x 420, 422 (11th Cir. 2005) (affirming

motion to dismiss for failure to properly serve defendant, where "insufficiency of guidance provided by the district court's clerk's office" sounded "more in negligence" than "faulty advice").

Finding that Plaintiff has failed to show good cause, the Court further concludes that "circumstances militate against exercise of the Court's discretion to extend the time for service." *Corning*, 2009 WL 3294837, at *4. For one, there is no evidence that the statute of limitations would bar a refiled action.[6] Defendants claim, for example, that Plaintiff would not be prejudiced by a dismissal without prejudice, as Plaintiff's statute of limitations has not expired.[7] (Doc. 14, p. 3). Further, Plaintiff has not filed a response in opposition claiming otherwise.

Second, there is no evidence of evasion of service or misconduct on the part of Defendants. In fact, Defendants allege that service "should have been easily effectuate[d] since all can be located in Ocala, Marion County, Florida were is [*sic*] Court sits." (Doc. 14, p. 2).

Finally, the Court considers the effect of the one-month delay in serving Defendants. Plaintiffs served Defendants on July 21, 2014, one month past the deadline of June 20, 2014. (Doc. 14, p. 2). Defendants claim they were prejudiced by Plaintiff's failure to timely effectuate service, as they "had no notice that this action had actually been commenced by Plaintiff prior to the untimely service." (Doc. 14, p. 3). As noted above, Plaintiff has not filed a response in opposition claiming otherwise.

---

[6] While the Court is not required to extend the time to serve process based on the running of the statute of limitations, it will consider this factor as the Eleventh Circuit directs. *See Lepone-Dempsey*, 476 F.3d at 1282 ("Although the running of the statute of limitations, which barred the plaintiffs from refiling their claims, does not require that the district court extend time for service of process under Rule 4(m), it was incumbent upon the district court to at least consider this factor.").

[7] The Court questions whether this is accurate. A review of the Complaint (Doc. 1) suggests that Plaintiff's claim exists between March 2011 and November 2012. Under the FLSA's statute of limitations for willfulness, 29 U.S.C. § 255(a) ("cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued"), it appears that Plaintiff's claims (or ability to claim certain periods of damages) would expire between March 2014 and November 2015.

- 6 -

Upon consideration, the Court finds that Plaintiff has failed to show good cause for untimely service of process. In addition, the Court declines, on its own initiative, to permit an extension of time, *nunc pro tunc*, for Plaintiff to perfect service on Defendants. Had Plaintiff responded to the motion to dismiss, the undersigned may have considered recommending the exercise of the Court's discretion. However, given the cause of the delay (reliance on advice of the process server), the failure to file the summonses after stating they were forthcoming, and the failure to respond to the motion to dismiss, the Court declines to make such a recommendation.

### IV.    CONCLUSION

For the foregoing reasons, I recommend that Defendants' motion be **GRANTED** and Plaintiff's case be **DISMISSED** without prejudice.

Recommended in Ocala, Florida on September 26, 2014.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties